IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASIAN-AMERICAN LICENSED BEVERAGE ASSOC., et al., :<br><br>Plaintiffs :<br><br>v. :<br><br>COMMONWEALTH OF PENNSYLVANIA, et al., :<br><br>Defendants : | CIVIL ACTION NO. 1:05-CV-2135<br><br>(Judge Kane) |

## MEMORANDUM AND ORDER

This matter comes before the Court by way of Plaintiffs' Motion to Remand. The Asian-American Licensed Beverage Association ("AALBA"), along with six individual Asian-American owned businesses in the City of Philadelphia, commenced this action to enjoin the implementation of legislative changes to Pennsylvania's liquor licensing laws that impact their businesses. Defendants are the Commonwealth of Pennsylvania, the Pennsylvania Liquor Control Board ("LCB"), and the three current board members of the LCB. The City of Philadelphia ("the City") is an intervenor defendant and the only defendant opposing the instant motion.

I.  Introduction

Plaintiffs brought this action by filing a Petition to Review in the Commonwealth Court of Pennsylvania against the Commonwealth of Pennsylvania and the LCB defendants challenging on State and Federal constitutional grounds an amendment to the Pennsylvania Liquor Code adopted in July 2005 and made effective September 4, 2005. The Petition alleged that Sections 4 and 6 of Act 39 of 2005, which amended Sections 407 and 449 of the Pennsylvania Liquor Code, codified as 47 P.S. § 4-407, 4-442(a), and Section 479 of the

Pennsylvania Liquor Code, codified as 47 P.S. § 4-479, are in conflict with other provisions of the Pennsylvania Liquor Code and violate the Pennsylvania Constitution and the Fourteenth Amendment of the United States Constitution. Following an expedited hearing on October 6, 2005, the Commonwealth Court issued an Order temporarily enjoining the enforcement of Act 39. On October 19, 2005, Defendants removed the action to this Court. On October 21, 2005, Plaintiffs filed a Motion for a Temporary Restraining Order and Preliminary Injunction. (Doc. No. 4.) On October 25, 2005, this Court heard argument on Plaintiffs' Motion for a Temporary Restraining Order and denied that motion as moot, finding that the order of the Commonwealth Court remained in effect pursuant to 28 U.S.C. § 1450. The same day, the City of Philadelphia filed an unopposed motion to intervene and the Court granted the motion pursuant to Federal Rule of Civil Procedure 24(b)(2). (Doc. No. 17.)

On Friday, October 28, 2005, this Court heard testimony on Plaintiffs' motion for a Preliminary Injunction. Argument on the motion was had the afternoon of Monday, October 31, 2005. Immediately prior to making their argument, Plaintiffs advised the Court and parties that it would be filing an Amended Complaint, adding a sixth claim alleging violations of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution by the City of Philadelphia. (Doc. No. 26.) The same day, this Court filed a modified Temporary Restraining Order, dissolving the Commonwealth Court's order to the extent that it enjoins the enforcement of § 4-479 of the Pennsylvania Liquor Code, and to the extent that it enjoins the LCB from accepting and processing applications for special permits. (Doc. No. 31.) By Order dated November 3, 2005, the Court found that Plaintiffs failed to demonstrate a reasonable probability of success on the claims in their Complaint or irreparable harm, and denied Plaintiffs motion for

a Preliminary Injunction. Further, the Court vacated its October 31, 2005 Temporary Restraining Order.

On January 11, 2006, Plaintiffs sought leave to file a Second Amended Complaint, wherein Plaintiffs withdrew all federal claims against Defendants. The City opposed Plaintiffs' motion and the matter was fully briefed. By Order dated March 2, 2006, the Court granted Plaintiffs' motion and directed the Clerk of Court to docket the proposed Second Amended Complaint as of the date of the Order. Five days later, Plaintiffs filed the instant motion to remand this action back to the Commonwealth Court of Pennsylvania.

## II.  Discussion

Plaintiffs bring this motion pursuant to two different remand statutes, 28 U.S.C. § 1447(c) and 28 U.S.C. § 1367(c). Section 1447(c) states: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). This provision gives the Court no discretion in deciding whether to remand a case. Conversely, § 1367(c) gives a district court the discretion to decline supplemental jurisdiction once all federal claims before it have been dismissed. De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 308 (3d Cir. 2003). This statute states: "The district courts may decline to exercise supplemental jurisdiction over a [state law claim] if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3).

In determining which statute is applicable to the matter sub judice, this Court is guided by the Third Circuit's analysis in Hudson United Bank v. Litenda Mortgage Corp., 142 F.3d 151 (3d Cir. 1998), wherein the Appellate Court explains the distinction between the two remand authorities:

3

> Review of § 1447(c) remands [by the appellate courts] is barred to keep parties of state actions from making dubious allegations of federal jurisdiction in order to forestall the prompt resolution of state cases. Thus, § 1447(c) remands are warranted only when a federal court has no rightful authority to adjudicate a state case that has been removed from state court. In such cases, the statute provides a quick, permanent, and mandatory remedy to return a state case to state court. In contrast, § 1367(c) serves no such corrective purpose. Remands authorized by § 1367(c) may be entered only when federal subject matter jurisdiction has been affirmatively established . . . and are entered independently of whether the case originated in state or federal court. Thus, a district court's decision to remand pursuant to § 1367(c) does not imply that the case was improperly filed in federal court. Rather, it reflects the court's judgment . . . that at the present stage of litigation it would be best for supplemental jurisdiction to be declined so that state issues may be adjudicated by a state court.

Hudson, 142 F.3d at 157-58 (internal citations omitted).

The instant civil action was properly removed to this Court by the Commonwealth Defendants, as the Court had original jurisdiction over Plaintiffs' Fourteenth Amendment claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiffs' state claims pursuant to 28 U.S.C. § 1367. (Doc. No. 1.) Because the Court had the authority to adjudicate the case at the time of its removal and currently retains supplemental jurisdiction over the remaining state claims, § 1447(c) is not applicable. Rather, the Court must look to § 1367(c) to determine whether it should decline to exercise supplemental jurisdiction over the remaining state claims. Upon consideration of the applicable factors and law, the Court finds that remand is warranted in this case.

In United Mine Workers v. Gibbs, 383 U.S. 715 (1966), the Supreme Court noted that the discretionary exercise of supplemental jurisdiction must depend on questions of judicial economy, convenience, comity, and fairness to litigants. Gibbs, 383 U.S. at 726. If upon

4

weighing the above factors, a district court finds, in its discretion, that retaining jurisdiction over the state claims would be inappropriate, it may remand the case to state court. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988). However, when federal claims are dismissed at an early stage, the exercise of supplemental jurisdiction over the remaining state claims should be declined:

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.

Gibbs, 383 U.S. at 726 (footnote omitted). When it appears that all federal claims are subject to dismissal, a district court should not exercise jurisdiction over remaining claims unless "extraordinary circumstances" exist. Tully v. Mott Supermarkets, Inc., 540 F.2d 187, 195-96 (3d Cir. 1976). See also Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) ("'Where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'") (citation omitted). "[S]ubstantial time devoted to the case" and "expense incurred by the parties" do not constitute extraordinary circumstances. Tully, 540 F.2d at 196.

In the case sub judice, the Court finds that the factors weigh in favor of remand. The matter is still within the early stages of litigation, the second amended complaint having been filed in early March, 2006, and the court finds no extraordinary circumstances to compel exercising jurisdiction over the remaining state law claims. Defendants have not yet answered the Second Amended Complaint and the Court has not invested such time that judicial economy would be ill served in remanding the case to the Commonwealth Court. Moreover, each of the

remaining claims require a court to interpret the Pennsylvania Constitution and applicable laws. Since Plaintiffs are challenging the newly amended Pennsylvania liquor code, interpreting the new language vis-a-vis the Pennsylvania Constitution will likely present novel issues of state law. The factors of judicial economy and comity both weigh in favor of allowing the Pennsylvania courts to determine whether a newly amended Pennsylvania law runs afoul of the Pennsylvania Constitution.[1]

Regarding fairness to the parties, the City correctly notes that Plaintiffs withdrew their federal claims only after this Court dismissed Plaintiffs' motion for Preliminary Injunction. However, the Court does not find evidence of forum manipulation in this case. Plaintiffs' original federal claims were made in concert with claims under the Pennsylvania Constitution and do not appear to have been the heart of Plaintiffs case. Moreover, the defendants who originally removed this action to this Court do not object to Plaintiffs' motion to remand and the Court finds no support for the City's assertion that "[P]laintiffs may well attempt to relitigate the preliminary injunction in another forum." (Doc. No. 76 at 9.) Remand neither unfairly prejudices Defendants nor promotes forum shopping in this case.

Accordingly, after carefully weighing the factors of judicial economy, convenience, comity, and fairness, and having found no extraordinary circumstances to compel exercising jurisdiction over the remaining state claims, the Court will grant Plaintiffs' motion and remand the above-captioned civil action to the Commonwealth Court of Pennsylvania.

III.   **Order**

---

[1] As both the Commonwealth Court and this Court are conveniently located for all parties, the convenience factor neither weighs for nor against remand.

AND NOW, this 26th day of June, 2006, for the foregoing reasons, **IT IS HEREBY ORDERED THAT** Plaintiffs' Motion to Remand (Doc. No. 68) is **GRANTED**. The Clerk of Court is directed to remand the above-captioned civil action to the Prothonotary of the Commonwealth Court of Pennsylvania and close the file.

                                         s/ Yvette Kane
                                         Yvette Kane
                                         United States District Judge

Dated: June 26, 2006